IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00286-CR

 

Gregory Barnett Griggs,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court # 28,466

 



DISSENTING Opinion



 








          The
Court quotes Lankston and then
ignores it.  “[A]ll a party has to do to avoid forfeiture of a complaint on
appeal is to let the trial judge know what he wants, why he thinks himself
entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper
position to do something about it.”  Lankston v. State, 827 S.W.2d 907, 909
(Tex. Crim. App. 1992) (emphasis added) (quoted at pg 6 of the majority
opinion).  In this case, the party did
not timely object.

          What
the Court’s holding supports, is that if the trial court did nothing, there
would be no preservation; but, because the trial court sua sponte raised the
issue, there is reversible error.  Am I
the only one confused by that?

          In
this case, a conscientious trial court judge made sure the defendant obtained a
fair trial.  As a result of the trial
court’s action, including the nature of raising the issue and instructing the
jury, a fair trial, possibly not a perfect trial, was obtained.  The trial court weighed all the facts and
circumstances regarding whether a mistrial was warranted, and denied the late
request, after giving an instruction.  If
the majority was present for the entire trial, maybe they would come to the
same conclusion the trial court did, that a mistrial was unnecessary.  

          I
was not there.  On this record, the issue was not preserved, and
the trial court certainly did not abuse its discretion in denying the mistrial.

          I
dissent.

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
opinion delivered and filed February 2, 2005